1  BERKE, KENT & WARD LLP
   Ted S. Ward, Esq. (143810)
2  624 S. Grand Avenue, Suite 2940
   Los Angeles, California 90017
3  Telephone: (213) 995-2500
   Facsimile: (213) 995-2505
4
   Attorneys for Plaintiff
5  Olympic Diamond Corporation

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

12  OLYMPIC DIAMOND CORP., a New        Case No.
    York corporation,                   CV08-03197   CAS (RZx)
13
                                         COMPLAINT FOR:
14              Plaintiff,
                                         1.    BREACH OF CONTRACT;
15         vs.                           2.    NEGLIGENCE;
                                         3.    FRAUD;
16                                       4.    NEGLIGENT
                                               MISREPRESENTATION; AND
17  LANSAR LLC DBA GEMOLOGICAL           5.    CONVERSION.
    SERVICES OF BEVERLY HILLS, a
18  California corporation; ZAREH
    BOYADJIAN, an individual; and Does   DEMAND FOR JURY TRIAL
19  1-10, inclusive.

20              Defendants.

21

22

23

24

25

26

27

28

                                  1

Plaintiff Olympic Diamond Corporation ("Plaintiff"), based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, alleges as follows:

## THE PARTIES

1.      Plaintiff is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

2.      Defendant Lansar, LLC dba Gemological Services of Beverly Hills ("Lansar") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California.

3.      Defendant Zareh Boyadjian, ("Boyadjian") is, and at all times mentioned herein was, an individual residing in the County of Los Angeles, State of California.

4.      The true names and capacities, whether individual, corporate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, which therefore sues said Defendants by fictitious names.  Plaintiff will amend this complaint to allege the defendants' true names and capacities once they are ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein as DOES 1 through 10, inclusive, are in some manner responsible for the events and occurrences alleged herein, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

5.      At all times mentioned herein, Defendants, and each of them, were the agents, servants, and/or employees of each of the other defendants, and were at all times acting in such capacity, within the course, scope, and purpose of said agency and employment, and each Defendant has authorized, permitted, consented to, ratified and approved of the acts of his, her or its agents, servants and employees.

1  Further, in doing the things alleged herein, Defendants, and each of them, acted in

2  concert and in a conspiracy with one another.

3

4  ## JURISDICTION AND VENUE

5      6.    This Court has subject matter jurisdiction over the matters pleaded

6  herein under 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000,

7  exclusive of costs and interest.

8      7.    Venue over this claim is proper in this judicial district pursuant to 28

9  U.S.C. §§ 1400(b) and 1391(b) and (c), because, among other reasons, Defendants

10  Lansar and Boyadjian are subject to personal jurisdiction in this judicial district and

11  hence are deemed to reside in this judicial district for purposes of venue.

12  Furthermore, defendant Lansar's principal place of business is located in this

13  judicial district and Boyadjian resides here.  In addition, Defendants' conduct which

14  gives rise to this action occurred in this judicial district.

15

16  ## BACKGROUND

17      8.    In or about November 2005, Defendants approached a sales

18  representative of Plaintiff, representing that they needed additional gems for a

19  special promotion they were planning related to their opening of a new location.

20  After some due diligence, including confirmation that Defendants had adequate

21  insurance, Plaintiff agreed to sell Defendants with certain diamonds (collectively,

22  the "Diamonds") as detailed below.

23      9.    On or about November 22, 2005, Plaintiff transferred to Defendant

24  upon Memorandum Number 130367, one diamond stone, with a total weight of

25  2.11 carats and a wholesale value of $18,357.00.  A true and correct copy of the

26  November 22, 2005 Memorandum is attached hereto as Exhibit "A."

27      10.    On or about November 29, 2005, Plaintiff transferred to Defendant

28  upon Memorandum Number 130625, one diamond stone, with a total weight of

3.02 carats and a wholesale value of $27,300.80. A true and correct copy of the November 29, 2005 Memorandum is attached here to as Exhibit "B."

11.     On or about December 12, 2005, Plaintiff transferred to Defendant upon Memorandum Number 131072, one diamond stone, with a total weight of 9.36 carats and a wholesale value of $185,749.20. A true and correct copy of the December 12, 2005 Memorandum is attached here to as Exhibit "C."

12.     On or about December 13, 2005, Plaintiff transferred to Defendant upon Memorandum Number 131196, four diamond stones, with a total weight of 15.05 carats and a wholesale value of $244,003.75. A true and correct copy of the December 13, 2005 Memorandum is attached hereto as Exhibit "D."

13.     On or about December 14, 2005, Plaintiff sold to Defendant, via Invoice Number 46492, two diamond stones, with a total weight of 4.05 carats and a wholesale value of $29,758.08. A true and correct copy of the December 14, 2005 Invoice is attached here to as Exhibit "E."

14.     On or about December 15, 2005, Plaintiff transferred to Defendant upon Memorandum Number 131421, 71 diamond stones, with a total weight of 67.59 carats and a wholesale value of $303,534.00. A true and correct copy of the December 15, 2005 Memorandum No. 131421 is attached here to as Exhibit "F."

15.     On or about December 15, 2005, Plaintiff transferred to Defendant upon an additional Memorandum Number 131422, six diamond stones, with a total weight of 13.16 carats and a wholesale value of $117,731.00. A true and correct copy of the December 15, 2005 Memorandum No. 131422 is attached here to as Exhibit "G."

16.     On or about December 16, 2005, Plaintiff sold to Defendant via Invoice Number 46556, one diamond stone, with a total weight of 5.44 carats and a wholesale value of $121,856.00. A true and correct copy of the December 16, 2005 Invoice is attached here to as Exhibit "H."

17.   The November 22, 2005 Memorandum, November 29, 2005 Memorandum, December 12, 2005 Memorandum, December 13, 2005 Memorandum, December 14, 2005 Invoice, December 13, 2005 Memorandum No. 131421, and December 13, 2005 Memorandum No. 131422 are referred to collectively herein as the "Memoranda and Invoices."

18.   Defendants never paid Plaintiff for the Diamonds or returned them to Plaintiff.

19.   Plaintiff is informed and believes, and thereon alleges, that Defendants claim that on or about December 17, 2005 an unidentified individual was allowed inside Defendants' premises and robbed the business.

## FIRST CAUSE OF ACTION

(Breach of Contract – against all Defendants)

19.   Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 18 above as if fully set forth herein.

20.   As represented by the Memoranda and Invoices, Plaintiff agreed to provide the Diamonds to Defendants and Defendants agreed to pay for them and/or return them to Plaintiff.  Defendants breached the agreement by among other things, failing to pay Plaintiff or to return the Diamonds.

21.   Plaintiff performed all conditions required of it under the agreement, other than those the performance of which was excused by Defendants' breach or other conduct.

22.   As a direct and proximate result of Defendants' breach of the agreement, Plaintiff Olympic Diamond has suffered damages, including the loss of the Diamonds the wholesale value of which in 2005 was $1,048,289.83.

23.   Plaintiff also seeks specific performance of the terms of the agreement, as evidenced by the Memoranda and Invoices.

## SECOND CAUSE OF ACTION

### (Negligence – against all Defendants)

24.     Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 23 above as if fully set forth herein.

25.     As a bailee, Defendants owed a duty to Plaintiff to exercise due care in controlling, monitoring and maintaining the Diamonds.

26.     Defendants failed to satisfy their duty of due care by, among other things, allegedly losing possession of the Diamonds.

27.     As a direct and proximate result of Defendants' failure to satisfy their duty of care, Plaintiff has suffered damages, including the loss of the Diamonds the wholesale value of which in 2005 was $1,048,289.83.

## THIRD CAUSE OF ACTION

### (Fraud – against all Defendants)

28.     Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 27 above as if fully set forth herein.

29.     Plaintif is informed and believes that Defendants fraudulently induced Plaintiff to provide them with the Diamonds, whether by Memoranda, Invoice or otherwise.  At the time Defendants negotiated with Plaintiff's sales representative, Defendants had no intention of attempting to sell the Diamonds or returning them to Plaintiff.  Instead, Defendant at all relevant times intended to steal or allow another person to steal the Diamonds.

30.     Plaintiff is further informed and believes that Defendants fraudulently represented to Plaintiff that the Diamonds were part of an alleged robbery in which Defendants were unwilling victims.

COMPLAINT

31.   Defendants made their representations and omitted material facts with the intent to induce Plaintiff's reliance and to cause it to deliver to Defendants more than a million dollars worth of diamonds on Memoranda and pursuant to Invoices.

32.   The representations by Defendants were in fact false and/or concealed or omitted material facts regarding Defendants' true intent, which was that Defendants knew the Diamonds would not be sold and the wholesale price remitted to Plaintiff, but rather a robbery would be staged so that Defendants and others would obtain the Diamonds without payment to Plaintiff.

33.   At the time these misrepresentations of fact were made, and the concealments and omissions as alleged occurred, Plaintiff was ignorant of the facts which Defendants failed to disclose and the falsity of their misrepresentations.

34.   Plaintiff actually and justifiably relied on the representations and concealments and omissions of Defendants by, among other things, agreeing to transfer and actually transferring the Diamonds to Defendants.

35.   As a proximate result of such fraudulent acts, Plaintiff has been damaged in an amount to be established at trial, which amount exceeds $1,048,289.83, the wholesale value of the Diamonds in November and December 2005.

36.   In committing the acts herein alleged, Defendants acted with fraud, oppression and malice, in furtherance of their own interest and in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to exemplary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

(Negligent Misrepresentation – against all Defendants)

37.   Plaintiff incorporates herein by this reference paragraphs 1 through 35 as if set forth in full.

COMPLAINT

38.    Through the conduct set forth above, Defendants misrepresented and/or failed to disclose material facts they were bound to disclose about their intent and/or ability to sell the Diamonds, their ability to pay for the Diamonds and what happened to the Diamonds.

39.    At the time these misrepresentations of fact were made, and the concealments and omissions as alleged occurred, Olympic Diamond was ignorant of the facts which Defendants failed to disclose and the falsity of the misrepresentations.

40.    Olympic Diamond actually and justifiably relied on the representations and concealments and omissions of Defendants in agreeing to transfer and actually transferring the Diamonds to Defendants, among other things.

41.    As a proximate result of Defendant's negligent misrepresentations, Plaintiff has been damaged in an amount to be established at trial, which amount exceeds $1,048,289.83, the wholesale value of the Diamonds in November and December 2005.

## FIFTH CAUSE OF ACTION

### (Conversion – against all Defendants)

42.    Plaintiff incorporates herein by this reference paragraphs 1 through 41 as if set forth in full.

43.    As discussed above, Plaintiff transferred the Diamonds to Defendants pursuant to the Memoranda and Invoices.  If Defendants failed to sell the Diamonds, Defendants were obligated to return them to Plaintiff.  Defendants failed to sell or return the Diamonds to Plaintiff.  As alleged above, Plaintiff is informed and believes that Defendants did so intentionally.

44.    As a proximate result of Defendants misconduct, Plaintiff has been damaged in an amount to be established at trial, which amount exceeds $1,048,289.83, the wholesale value of the Diamonds in November and December 2005.

45.    In committing the acts herein alleged, Defendants acted with fraud, oppression and malice, in furtherance of their own interest and in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against each Defendant as follows:

**As to the First Cause of Action:**

1.    For general, compensatory damages, together with interest therein at a legal rate, the exact amount subject to proof at time of trial;

2.    For an order requiring Defendants to specifically perform the parties' agreement, by among other things, paying for or returning possession of the Diamonds to Plaintiff;

**As to the Second, and Fourth Causes of Action:**

1.    For general, compensatory damages, together with interest therein at a legal rate, the exact amount subject to proof at time of trial;

**As to the Third and Fifth Causes of Action:**

1.    For general, compensatory damages, together with interest therein at a legal rate, the exact amount subject to proof at time of trial;

2.    For punitive damages, according to proof;

**As to Each Cause of Action:**

1. That Plaintiff be awarded its costs of suit, including attorneys' fees; and

2. That the Court grant such other and further relief as it deems just and proper.


Dated:   May 14, 2008                    Berke, Kent & Ward LLP



                                         Ted S. Ward
                                         Attorneys for Plaintiff
                                         OLYMPIC DIAMOND CORPORATION

# DEMAND FOR JURY TRIAL

Plaintiff Olympic Diamond Corporation hereby demands a trial by jury on all issues so triable in this action.


Dated:   May 14, 2008

Berke, Kent & Ward LLP


Ted S. Ward
Attorneys for Plaintiff
OLYMPIC DIAMOND CORPORATION

EXHIBIT A

# OLYMPIC  DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# MEMORANDUM

On Memo To:                                    Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

| DATE | MEMO NO | ACCT NO | PURCH ORDER | SHIPPED VIA | MB |
|------|---------|---------|-------------|-------------|-----|
| 11/22/05 | 130367 | 10989 | mb | L/E | |

| E NO. | Stones | Carats Description | Price/ct | Amount |
|-------|--------|--------------------|----------|--------|
| 461x18 | 1 | 2.11 14588915 G VS1 CUSH | 8700.00 | 18357.00 |

| 1 | 2.11 | Page 1 of 1 Memo Total | 18357.00 |

# EXHIBIT B

# OLYMPIC ◆ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# MEMORANDUM

On Memo To:                    Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO | ACCT NO | PURCH. ORDER | SHIPPED VIA | |
|------|---------|---------|--------------|-------------|---|
| 12/29/05 | 130625 | 10989 | mb | c/o | MB |

| NO | STONES | CARATS | DESCRIPTION | PRICE/CT | AMOUNT |
|------|--------|--------|-------------|----------|--------|
| 136x | 1 | 3.02 14741407 G SI1 CUSH | | 9040.00 | 27300.80 |

| 1 | 3.02 | Page 1 of 1  Memo Total | | | 27300.80 |

EXHIBIT C



# OLYMPIC ◈ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# MEMORANDUM

On Memo To:                              Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO | ACCT NO | PURCH. ORDER | SHIPPED VIA | |
|---|---|---|---|---|---|
| 12/12/05 | 121622 | 10369 | ZEL | PERMS | IL |

| IT No. | Stones | Carats Description | Price/Ct | Amount |
|---|---|---|---|---|
| 1255X | 1 | 9.36 14354600 H VS2 BR | 19845.00 | 185749.20 |

| 1 | 9.36 | Page 1 of 1  Memo Total | 185749.20 |

EXHIBIT D



# OLYMPIC ◇ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

## MEMORANDUM

On Memo To:                    Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO. | PURCH ORDER | SHIPPED VIA |
|---|---|---|---|---|
| 12/15/05 | 4324.96 | 10989 | | MT |

| L No. | Stones | Carats | Description | | | | Price/ct. | Amount |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 16102.00 | 56357.00 |
| .631X | 1 | 3.50 | 14557991 | G | VS2 | BR | 22400.00 | 121856.00 |
| .97X | 1 | 5.44 | 14322252 | G | VS2 | BR | 11400.00 | 35112.00 |
| .205X2 | 1 | 3.08 | 14343240 | G | VS1 | PR | 10125.00 | 30678.75 |
| .05X10 | 1 | 3.03 | 14694663 | G | VS2 | PR | | |

| | 4 | 15.05 | Page 1 of 1  Memo Total | | | | | 244003.75 |

# EXHIBIT E

# OLYMPIC ◇ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

## INVOICE

Ship To:

Sold To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|------|--------|-------------|-------|-------------|----------|-------------|
| 2/14/05 | 10969 | MB | NET 30 | 1 1/4 | 01/19/05 | 45492 |

| Mo No | Lot No. | Carats | Stones | Description | Price/Ct. | Amount |
|-------|---------|--------|--------|-------------|-----------|--------|
| 30574 | cl164x | 2.02 | 1 | 14493127 I SI1 BR X | 7480.00 | 15109.60 |
| 30574 | ci655x | 2.03 | 1 | 14452981 I SI1 BR X | 7216.00 | 14648.48 |

|  | 4.05 | 2 | Subtotal |  |  | 29758.08 |
|--|------|---|----------|--|--|----------|

Page 1 of 1                                    TOTAL DUE                              29758.08

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions.
The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.

EXHIBIT F

# OLYMPIC ◆ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

# MEMORANDU

**On Memo To:**

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

**Ship To:**

| | DATE | MEMO NO. | ACCT. NO. | PURCH. ORDER | SHIPPED VIA |
|---|---|---|---|---|---|
| | 12/15/05 | TP-421 | 10929 | | MB |

| NO. | STONES | Carats | Description | | | | Price/ct | Amount |
|---|---|---|---|---|---|---|---|---|
| | 24 | 13.08 | | | | | 1800.00 | 23544.00 |
| | 10 | 7.24 | | | | | 3000.00 | 21720.00 |
| | 6 | 4.78 | | | | | 1950.00 | 9321.00 |
| 04x36 | 1 | 0.90 | 13161956 | H | VS2 | BR | 5400.00 | 4860.00 |
| 450x | 1 | 1.01 | 14432424 | H | SI1 | BR | 5700.00 | 5757.00 |
| 954x | 1 | 1.01 | 14068709 | H | SI1 | BR | 5700.00 | 5757.00 |
| 56x | 1 | 1.11 | 14479053 | H | SI1 | BR | 5700.00 | 6327.00 |
| 242x | 1 | 1.12 | 14784837 | H | SI1 | BR | 5700.00 | 6384.00 |
| 675x | 1 | 1.27 | 14591158 | H | SI1 | BR | 5700.00 | 7239.00 |
| 605x2 | 1 | 1.30 | 14298871 | H | SI1 | BR | 5700.00 | 7410.00 |
| 205x13 | 1 | 1.45 | 14560985 | H | SI1 | BR | 5700.00 | 8265.00 |
| 605x11 | 1 | 1.54 | 14298907 | H | SI1 | BR | 7400.00 | 11396.00 |
| 951x | 1 | 1.54 | 14808895 | H | SI1 | BR | 7400.00 | 11396.00 |
| 814x | 1 | 1.08 | 13401639 | H | SI2 | BR | 5000.00 | 5400.00 |
| 0805x15 | 1 | 1.14 | 14816726 | H | SI2 | BR | 5000.00 | 5700.00 |
| 222x | 1 | 1.20 | 14433168 | I | VS2 | BR | 5300.00 | 6360.00 |
| 626x | 1 | 1.32 | 14592402 | I | VS2 | BR | 5300.00 | 6996.00 |
| 33x | 1 | 1.53 | 14554127 | I | VS2 | BR | 7000.00 | 10710.00 |
| 594x | 1 | 2.01 | 14604030 | I | VS2 | BR | 9500.00 | 19095.00 |
| 789x | 1 | 1.20 | 14072937 | I | SI1 | BR | 5000.00 | 6000.00 |
| 792x | 1 | 1.26 | 14484582 | I | SI1 | BR | 5000.00 | 6300.00 |
| 0805x13 | 1 | 1.02 | 14816723 | I | SI2 | BR | 4500.00 | 4590.00 |
| 471x | 1 | 2.02 | 14308943 | I | SI2 | BR | 7900.00 | 15958.00 |
| 1705x7 | 1 | 3.08 | 14621871 | J | VS2 | BR | 9200.00 | 28336.00 |
| 439x | 1 | 1.04 | 14707748 | J | SI1 | BR | 4400.00 | 4576.00 |

Page 1 of 2  Memo Total          249397.00

# OLYMPIC ◈ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036

t: 212-382-3888  f: 212-398-3832

800-842-3666

# MEMORANDU

On Memo To:                                    Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

| DATE | MEMO NO. | ACCT. NO. | PURCH. ORDER | SHIPPED VIA | |
|---|---|---|---|---|---|
| 12/15/05 | 491421 | 10389 | | | ME |

| It. No. | Stones | Carats | Description | | | Price/CT | Amount |
|---|---|---|---|---|---|---|---|
| l60x | 1 | 1.05 | 14183852 | J SI1 | BR | 4400.00 | 4620.00 |
| 34x | 1 | 1.26 | 14784950 | J SI1 | BR | 4400.00 | 5544.00 |
| /93x | 1 | 1.27 | 14459340 | J SI1 | BR | 4400.00 | 5588.00 |
| .305x | 1 | 1.63 | 14788268 | J SI1 | BR | 5400.00 | 8802.00 |
| 463x | 1 | 1.21 | 14445524 | K VS2 | BR | 4000.00 | 4840.00 |
| :461x45 | 1 | 1.30 | 14588595 | K SI1 | BR | 3800.00 | 4940.00 |
| 428x | 1 | 1.41 | 14443652 | K SI1 | BR | 3800.00 | 5358.00 |
| :447x | 1 | 1.50 | 14422982 | K SI1 | BR | 4500.00 | 6750.00 |
| .244x | 1 | 1.71 | 14784858 | K SI1 | BR | 4500.00 | 7695.00 |

| | 71 | 67.59 | Page 2 of 2  Memo Total | | | | 303584.00 |

EXHIBIT G



# OLYMPIC DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t:212-382-3888  f:212-398-3832
800-842-3666

# MEMORANDUM

On Memo To:                              Ship To:

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

SUBJECT TO TERMS ON REVERSE SIDE

| DATE | MEMO NO. | ACCT NO | PURCH ORDER | SHIPPED VIA | |
|------|----------|---------|-------------|-------------|---|
| 12/15/05 | 131422 | 10989 | | | MB |

| L NO. | Stones | Carats | Description | | | Price/Ct | Amount |
|-------|--------|--------|-------------|---|---|----------|--------|
| | | | | | | 8100.00 | 12150.00 |
| 790x | 1 | 1.50 | 13935143 | H VS2 | BR | 7400.00 | 11100.00 |
| 25x | 1 | 1.50 | 14263664 | H SI1 | BR | 10700.00 | 32207.00 |
| 605x22 | 1 | 3.01 | 14275567 | I VS2 | BR | 8800.00 | 18216.00 |
| 131x | 1 | 2.07 | 14674493 | I SI1 | BR | 7900.00 | 16274.00 |
| 970x | 1 | 2.06 | 14635217 | I SI2 | BR | 9200.00 | 27784.00 |
| 860x | 1 | 3.02 | 14581446 | J VS2 | BR | | |

| 6 | 13.16 | | Page 1 of 1  Memo Total | | 117731.00 |

# EXHIBIT H

# OLYMPIC ◇ DIAMOND

580 Fifth Avenue, Suite 1200, New York, New York 10036
t: 212-382-3888  f: 212-398-3832
800-842-3666

## INVOICE

**Sold To:**

G.S.B.H.
331 N. BEVERLY DRIVE
SUITE #2
BEVERLY HILLS CA 90210

**Ship To:**

| DATE | ACCT # | PURCH ORDER | TERMS | SHIPPED VIA | DUE DATE | INVOICE NO. |
|------|--------|-------------|-------|-------------|----------|-------------|
| 2/15/05 | 10909 | | Net 30 | | 12/22/05 | 46555 |

| Mo. No | Lot No. | Carats | Stones | Description | Price/CL | Amount |
|--------|---------|--------|--------|-------------|----------|--------|
| 31196 | CI797X | 5.44 | 1 | 14322252 G VS2 BR x | 22400.00 | 121856.00 |

| | | 5.44 | 1 | Subtotal | | 121856.00 |
|--|--|------|---|----------|--|-----------|

| | | | | TOTAL DUE | | 121856.00 |

age 1 of 1.

The diamonds herein invoiced have been purchased from legitimate sources not involved in funding conflict and in compliance with United Nations Resolutions. The seller hereby guarantees that these diamonds are conflict-free, based on a personal knowledge and/or written guarantees provided by the supplier of these diamonds.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV08- 3197 CAS (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Berke, Kent & Ward LLP
Ted S. Ward, Esq. (SBN 143810)
624 S. Grand Avenue, Suite 2940
Los Angeles, California 90017
(213) 995-2500 / (213) 995-2505 Fax
Attorneys for Plaintiff Olympic Diamond Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Olympic Diamond Corporation, a New York corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Lansar LLC dba Gemological Services of Beverly Hills, a California corporation; Zareh Boyadjian, an individual; and Does 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV08-03197 CAS (RZx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S): _ABOVE NAMED DEFEDANT_

    A lawsuit has been filed against you.

    Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Ted S. Ward, Esq._____, whose address is _624 S. Grand Avenue, Suite 2940, Los Angeles, California 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 14 2008__

By: _____
                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>OLYMPIC DIAMOND CORPORATION, a New York corporation | DEFENDANTS<br>LANSAR LLC dba GEMOLOGICAL SERVICES OF BEVERLY HILLS, a California corporation; ZAREH BOYADJIAN, an individual; and DOES 1-10, inclusive. |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>New York | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Berke, Kent & Ward LLP    (213) 995-2500 / (213) 995-2505 Fax<br>Ted S. Ward, Esq. (SBN 143810)<br>624 S. Grand Avenue, Suite 2940<br>Los Angeles, California 90017 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ over $1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

FOR OFFICE USE ONLY:    Case Number:

CIVIL COVER SHEET

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   NEW YORK

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   LOS ANGELES

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   LOS ANGELES

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _____ May 13, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |